1

**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.  (175)

2
Email: kbc@cjmlv.com
DARYL E. MARTIN, ESQ. (6375)

3
Email: dem@cjmlv.com
7440 W. Sahara Avenue

4
Las Vegas, Nevada 89117
Tel.:  (702) 255-1718

5
Fax:  (702) 255-0871
*Attorneys for Plaintiff*

6

7
**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
* * * * *

9

10
EGLET, WALL, CHRISTIANSEN, EGLET, ADAMS & HAM, LLP,

11
                                    Plaintiff,

12
vs.

13
EMERGENCY PHYSICIANS MEDICAL GROUP, INC., *et al.*,

14

15
                                    Defendants.

Case: 2:14-cv-01954-GMN-NJK

**UNITE HERE HEALTH'S RESPONSE TO ORDER TO SHOW CAUSE** [DOC. #5]

16

17
      Defendant UNITE HERE HEALTH ("UHH") respectfully responds, as follows, to the

18
Court's Nov. 25, 2014 Order to Show Cause Why Case Should not be Remanded [Doc. #5].

19
**FACTS AND PROCEDURAL HISTORY**

20
      Plaintiff is a law firm. According to the "Complaint in Interpleader" filed in Clark

21
County, Nevada District Court ("State Court") on October 1, 2014, Plaintiff represented tort

22
claimant Bridgette Baquero ("Baquero") and obtained $31,000 ("recovery" or "proceeds"). *See*

23
Complaint (attached as Exhibit "A" to Petition for Removal (Doc. #1)). In paragraphs 11 and 12

24
of the Complaint, Plaintiff claims a right to be paid $13,394.01 out of the recovery.

25

26
      In the Petition for Removal, UHH alleged that the court rendering a decision on UHH's

27
claim to the proceeds would have to decide "a federal question under § 502(a)(3) of ERISA [29

28

**CHRISTENSEN JAMES & MARTIN**
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

U.S.C. § 1132(a)(3)(B)(ii)] which statute authorizes benefit plans, like the one administered by UHH, "to obtain…appropriate equitable relief…to enforce…the terms…" of their ERISA plan documents. In the same Petition UHH averred that Plaintiff and Baquero executed a written agreement in favor of UHH acknowledging the rights possessed by UHH's under the terms of its ERISA plan document. In UHH's Answer, Counterclaims and Crossclaims (Doc. #7) UHH averred that it "possesses a first priority lien on the gross proceeds (any and all monies) received by Baquero or any representative, including the Plaintiff…" (*Id*., Affirmative Defenses ¶1) and that "UHH possesses an enforceable first-priority right of payment such that UHH's claim to the Settlement Proceeds is superior to the claim of any other person" (*Id*., Counterclaims ¶6).

## SUMMARY OF ARGUMENT

UHH removed this matter to ensure that the parties are able, in a single case, to fairly and efficiently resolve the disputes presented in the Complaint in Interpleader. There is ample case law showing that this practice is proper. The Court noted in its Order to Show Cause that "the Complaint indicates that none of Plaintiff's claims arise under the Constitution, laws, or treaties of the United States." However, by filing the Complaint in Interpleader, Plaintiff placed at issue in this Case numerous other claims to the sums that Plaintiff proposes to interplead, including the claim of UHH. While the other claims to the interpleader proceeds seemingly arise under state law, UHH's claim unquestionably arises under the laws of the United States. This Court has "exclusive jurisdiction" over UHH's claim pursuant to federal statute, and under existing Ninth Circuit case law the Court must exercise jurisdiction over all related state law claims. Even if the Court had discretion to decline jurisdiction over the claims of other parties (which UHH doubts) the Court could exercise the discretion to decline jurisdiction only upon a showing that doing so would further interests of fairness and efficiency. UHH respectfully submits that remanding the case, or even portions of the case, would work against those interests.

UHH's claim to the proceeds cannot proceed in any other court. If this Court were to remand the Case, UHH would have little choice but to commence a new and separate action in this same Court so as to properly assert a claim to the interpleader proceeds. In order to avoid the possibility of inconsistent judgments, the other claimants would in all likelihood seek to consolidate their claims into what would be a new federal case commenced by UHH. Either way, UHH is convinced that all issues presently before this Court pursuant to the Notice of Removal filed on November 24, 2014 would inevitably return to this Court because, unlike this Court, the state courts of Nevada simply cannot afford complete relief to all parties seeking payment from the proceeds that are to be deposited with the Court.

**ARGUMENT**

### 1.    UHH's ERISA Plan Governs.

Although Plaintiff, in the Complaint in Interpleader, invokes only its state law right to payment out of the sums to be interpleaded, the Complaint clearly identifies UHH, along with a number of other claimants to the same monies. UHH's claim to the proceeds is a claim seeking reimbursement by enforcing a lien established by agreement. *See Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006) (noting that an ERISA benefit plan's claim for reimbursement out of settlement proceeds obtained by a participant arises under 29 U.S.C. § 1132(a)(3)). *See also* Exhibit "A" (Order Denying Motion to Remand in *Benson & Bingham v. Griffiths*, Case 2:14-cv-00086-APG-CWH, Doc. #15 (D. Nev., March 11, 2014) ("UHH's claim to the subject funds arises under…29 U.S.C. § 1132(a)(3)").

In the *Sereboff* case, the United States Supreme Court held that state law equitable defenses to a claim for reimbursement do not apply ("are beside the point") unless such defenses are expressly adopted in a benefit plan's ERISA plan document, because the statute requires federal courts to "enforce…the terms of the [ERISA] plan" as written. *See also US Airways v.*

*McCutchen*, 133 S.Ct. 1537 (2013) (state law defenses cannot override terms of benefit plan); *Mutual of Omaha Ins. Co. v. Estate of Arachikavitz*, 2007 WL 2788604 at \*3-4 (D. Nev.) (Sandoval, J.) (terms of  benefit plan control; contrary state laws are preempted by 29 U.S.C. §1144; ERISA benefit trust's "recovery is paramount and it must recover before all others.").

### 2.    These Same Issues Were Decided in UHH's Favor in a Recent Case.

UHH removed a similar interpleader case earlier this year.  In that case, like this one, the Plaintiff was a law firm. In the earlier case, the issues now being addressed were raised in a motion to remand. After briefing, the motion was denied in a brief and straightforward order issued by United States District Court Judge Andrew Gordon. That Order reads:

> Plaintiff has filed a Motion to Remand (Dkt. #9). Defendant Unite Here Health ("UHH") filed an Opposition (Dkt. #11) … UHH's claim to the subject funds arises under section 502(a)(3) of ERISA. *See* 29 U.S.C. § 1132(a)(3).
>
> In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52-56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court held that the comprehensive civil remedies in § 502(a) of ERISA, 29 U.S.C. § 1132(a), completely preempt state law remedies. On the same day, the Court applied this ruling to a challenged removal, concluding that "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In other words, "[c]auses of action within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removable to federal court despite the fact the claims are couched in terms of state law." *Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir.1999).
>
> *Lyons v. Philip Morris Inc.*, 225 F.3d 909, 912 (8th Cir. 2000). Thus, this Court has federal question jurisdiction over this matter, and removal was proper. Accordingly, Plaintiff's Motion to Remand is hereby DENIED.

*See* Exhibit "A" (copy of Order Denying Motion to Remand, Doc. #15, Case 2:14-cv-00086-APG-CWH). UHH urges this Court to recognize, as did Judge Gordon earlier this year, that all actions that "relate to the civil enforcement provisions of [ERISA] 502(a) are removable to federal court" even if the plaintiff's claims "are couched in terms of state law."

### 3. Only this Court May Properly and Efficiently Rule on All Issues and Claims Raised by the Complaint in Interpleader.

As UHH's claim to the interpleader proceeds arises under 29 U.S.C. § 1132(a)(3), the state court lacks jurisdiction over the claim. 29 U.S.C. § 1132(e)(1) states "**Except for actions under subsection (a)(1)(B) of this section, <u>the district courts of the United States shall have exclusive jurisdiction</u>** of civil actions under this subchapter…" (emphasis added). UHH's claim to the interpleader proceeds simply may not proceed in State Court. *See Manufacturers Life Ins. Co. v. East Bay Restaurant and Tavern Retirement*, 57 F.Supp.2d 921 (N.D.Cal.1999) (citing *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 45-46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) and noting "The Supreme Court has stated that the express preemption provisions of ERISA are deliberately…designed to establish…plan regulation as exclusively a federal concern").

Nevada's Supreme Court has held that federal jurisdictional statutes must be followed, and that rulings made by state courts lacking jurisdiction are void (not merely voidable) even if the parties fully litigate their claims. In *Patterson v. Four Rent, Inc.*, 101 Nev. 651, 707 P.2d 1147 (1985), the Nevada Supreme Court was confronted with a similar federal statute. The Court's analysis began with the recognition that a federal statute granted "the federal courts original jurisdiction over any civil action involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any Act of Congress". *Id.* at 653. The Court then analyzed what the district court had done, stating "We first observe the district court purported actually to determine that respondent owned the land in fee simple and thus resolve the claim to land as an Indian allotment." The Nevada Supreme Court concluded "that the complaint in this matter attempts to determine the validity of a claim to land by an Indian allotment and that the courts of Nevada do not have subject matter jurisdiction to entertain such actions. Accordingly…the case [is] remanded for the district court to dismiss for lack of subject matter

jurisdiction." The same result—dismissal for lack of jurisdiction—would be obtained if UHH's claim were presented in a case before the state court.

29 U.S.C. § 1132(e)(1) is clear. The district courts of the United States have "exclusive jurisdiction" over UHH's claim to the interpleader proceeds. Under 28 U.S.C. § 1367 United States district courts have, and must exercise, supplemental jurisdiction over all claims related to actions over which they already have original jurisdiction. *See Trustees of the Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923 (9th Cir. 2003) (district court that ruled on federal claim by granting default judgment lacked authority to decline supplemental jurisdiction over related state law claims).

Because this is the only Court that may rule on UHH's claim to the interpleader proceeds, the Court should also exercise jurisdiction over the related state law claims to the same proceeds. If the Court were to remand this Case (or even just portions of the Case) it would effectively force the parties to engage in serial litigations in multiple forums, and would expose the parties to the possibility of inconsistent judgments. While the state court cannot take the entire case, this Court can, and should do so.

According to the *Desert Valley Landscape* case, this Court lacks the authority to decline supplemental jurisdiction in the present scenario. But even if the Court has discretion to decline jurisdiction over the claims of the other parties, the Court may exercise such discretion only upon a showing that it would be both fair and more efficient for the claims that are all presently proceeding in this one case to instead be separated and litigated in two or more cases. *See Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d at 926.

The judgment of the state district court would be void under *Patterson v. Four Rent, Inc.* if it purported to rule on UHH's claim in violation of 29 U.S.C. § 1132(e)(1). Remanding this Case would frustrate the compulsory and permissive joinder rules, which are intended to promote

convenience and expedite the final determination of disputes by preventing multiple lawsuits addressing the same subject matter. It is self-evident that handling all claims related to the disputed interpleader proceeds in this single Case is the most efficient way to resolve them.

4.   **Removal Was Proper Under 28 U.S.C. §§ 1331 and 1441(a).**

Under 28 U.S.C. § 1331 "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." UHH's claims to interpleader proceeds arise under federal law, as Judge Gordon found earlier this year. Under 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." This Case falls within the provisions of these statutes, and was properly removed.

5.   **Removal was Proper Under The Doctrine of Complete Preemption.**

UHH's asserted priority recovery right effectively makes UHH's claim adverse to those of all other claimants. UHH's rights cannot be fully decided without the involvement of all other claimants to the intended interpleader proceeds. *See* Fed. R. Civ. P. 19(a) and Nev. R. Civ. P. 19 (requiring joinder of indispensable persons needed for the court to accord complete relief). So too does rule 22, governing interpleaders. Nonetheless, UHH did not remove this Case based on rule 22, but on the federal doctrine of complete preemption, which "converts an ordinary state common law complaint into one stating a federal claim…" *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Although the doctrine is not specifically identified by name in *Patterson v. Four Rent Inc.*, 101 Nev. 651, 707 P.2d 1147 (1985), it is nonetheless a complete preemption case. Another example that is more factually similar to our Case is *Iowa Health System, Inc. v. Graham*, 2008 WL 2959796 (C.D. Ill. 2008). In that case, a participant who received accident benefits from an

ERISA-governed employee benefit plan filed a negligence action in state court against the party who caused her injuries and she eventually made a recovery. The benefit plan (Iowa Health) asserted a right to be repaid out of the recovery. In her state court negligence case, the participant filed an "Application to Adjudicate Liens" (which served the same purpose as the Complaint in Interpleader here) and served the Application on the ERISA benefit plan. The benefit plan did not answer or otherwise respond to the Application, so the state court naturally entered a default judgment against the plan. Nearly two years later, the plan filed a reimbursement action against the participant in federal court to enforce the terms of its ERISA plan document, per 29 U.S.C. § 1132(a)(3). The participant pointed to the state court default judgment and moved to dismiss, arguing *res judicata*. The federal court denied the motion, ruling:

> Defendant's argument fails because **Iowa Health was unable to bring the present ERISA claim before the [state court]…**See *Spitz v. Tepfer*, 171 F.3d 443, 447 (7th Cir.1999) (*res judicata* not proper when a party's claim falls under exclusive jurisdiction of federal courts and that party did not choose the original state forum). That is to say, Iowa Health could not have pursued its ERISA claim in the previous state court case. While a [federal] district court may exercise supplemental jurisdiction over a state law claim, **state courts may not exercise jurisdiction over exclusive federal claims…Iowa Health seeks equitable relief to enforce the IH Plan under 29 U.S.C. § 1132(a)(3), a claim that falls under exclusive jurisdiction of the federal courts**. Therefore, Iowa Health's ERISA claim is not barred under *res judicata* because the ERISA claim could not have been brought in state court…

In a later opinion, the same federal court granted summary judgment to the ERISA plan and against the participant. *See Iowa Health System, Inc. v. Graham*, 2009 WL 2222780, *5 (C.D. Ill., 2009), enforcing the terms of the ERISA plan document, ruling:

> …Graham (once again) asserts that the [state court's] judgment in the prior lien adjudication proceeding bars this federal action through the doctrine of *res judicata*. This Court conclusively decided the preclusion issue against Graham…holding that Illinois law of preclusion does not bar this federal suit because Iowa Health's ERISA claim falls under the exclusive jurisdiction of the federal courts and could not have been litigated in the state lien adjudication proceeding initiated by Graham.

But that was not all the federal court said. Because the court perceived that there could be competing orders / judgments, the federal court ruled *sua sponte* that to the extent the state court's rulings conflicted with the federal counterparts, federal law (ERISA) expressly preempted state laws, including state court orders and judgments. *Id.* at *6.

### 6. Numerous Cases Support Removal in Similar Circumstances.

The result seen in the *Patterson* and *Iowa Health System* case opinions is far from anomalous. In *Mid-Century Ins. Co., v. Menking*, 327 F.Supp.2d 1049 (D. Neb. 2003) the United States District Court <u>awarded summary judgment to an ERISA plan after denying, on the basis of complete preemption, a Motion to Remand in precisely the same legal and factual interpleader scenario presented here</u>. Many other authorities are also in agreement. *See Turner v. Turner*, 672 S.E.2d 242 (Sup. Ct. W. Va. 2008) (state court lacked jurisdiction to decide, limit, or enforce subrogation rights asserted by ERISA benefit plan); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (even common law causes of action filed in state court may be preempted by ERISA and removed to federal court); *Estate of Allen v. Wal-Mart Stores, Inc. Assoc. Health and Welfare Plan*, 196 F.Supp.2d 780 (E.D. Ark. 2002) (awarding summary judgment to ERISA plan after removal of interpleader case from state court); *Reynolds v. SouthCentral Regional Laborers Health and Welfare Fund,* 306 F.Supp.2d 646 (W.D. La. 2004) (awarding summary judgment to ERISA plan that removed state court declaratory relief action and asserted counterclaim for reimbursement); and *see* Exhibit "A" (Judge Gordon's March 2014 Order finding that UHH's removal of a similar interpleader case was proper).

### CONCLUSION

Where a federal statute grants the federal courts original jurisdiction to decide particular causes of action or issues, the courts of the State of Nevada do not have required jurisdiction and cases presenting such actions or issues must be dismissed. *Patterson v. Four Rent, Inc.*, 101 Nev.

651, 707 P.2d 1147 (1985). 29 U.S.C. § 1132(e)(1) is such a statute, and it applies here. Should this Court choose to remand this Case, the parties may be forced, at substantial cost, to litigate to judgment UHH's claim only to find that the state court's judgment would be void, as seen in *Iowa Health System, Inc. v. Graham*, 2008 WL 2959796 (C.D. Ill. 2008), *Turner v. Turner*, 672 S.E.2d 242 (Sup. Ct. W. Va. 2008), or *Patterson v. Four Rent, Inc.*, 101 Nev. 651, 707 P.2d 1147 (1985). Nevada's state courts lack jurisdiction over UHH's claim to the interpleader proceeds. This Court, in contrast, has exclusive jurisdiction over UHH's claim, and it likely lacks discretion to decline jurisdiction over the competing claims to the interpleader proceeds. The Case should not be remanded.

Dated this 26th day of November, 2014.

CHRISTENSEN JAMES & MARTIN

By: ___/s/ Daryl E. Martin___
Daryl E. Martin, Esq.
Nevada Bar No. 006735
7440 W. Sahara Ave.
Las Vegas, Nevada 89117
*Attorneys for UNITE HERE HEALTH*

**CERTIFICATE OF SERVICE**

I am over the age of 18, I am employed by and am readily familiar with the practices of Christensen James & Martin ("Firm").  On the date of filing of the foregoing papers with the Clerk of Court the Firm caused a true and correct file-stamped copy of the RESPONSE TO ORDER TO SHOW CAUSE to be served in the following manner:

☒     ELECTRONIC SERVICE:     Pursuant to LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties through the Notice of Electronic Filing automatically generated by the Court.

☐     UNITED STATES MAIL:     By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to counsel for the Plaintiff:

☐     OVERNIGHT COURIER:     By depositing a true and correct copy of the above-referenced document for overnight deliver via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐     FACSIMILE:  By sending the above-referenced document via facsimile to those persons listed on the attached service list and with the set forth facsimile numbers.

CHRISTENSEN JAMES & MARTIN

By:   _/s/ Natalie Saville_

-11-

# Exhibit A

# Exhibit A

1
2
3
4
5                        UNITED STATES DISTRICT COURT

6                               DISTRICT OF NEVADA

7                                      * * *

8    BENSON & BINGHAM, LLC,                   Case No. 2:14-cv-0086-APG-CWH

9                          Plaintiffs,        **ORDER DENYING MOTION TO**

10              v.                            **REMAND**

11   ROBERT GRIFFITHS; CITY OF LAS
     VEGAS FIRE & RESCUE; UNIVERSITY
12   MEDICAL CENTER OF SOUTHERN
     NEVADA; RAINBOW INJURY
13   REHABILITATION, LLC; CULINARY
     HEALTH FUND; STARLIGHT COLLISION,
14   LLC,

15                         Defendants.

16

17          Plaintiff has filed a Motion to Remand (Dkt. #9). Defendant Unite Here Health ("UHH")

18   filed an Opposition (Dkt. #11). Plaintiff filed a Reply (Dkt. #12) which is nearly

19   incomprehensible and which fails to address the cases relied upon in the Opposition.

20          UHH's claim to the subject funds arises under section 502(a)(3) of ERISA. *See* 29 U.S.C.

21   § 1132(a)(3).

22
            In *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52–56, 107 S.Ct. 1549, 95 L.Ed.2d 39
23      (1987), the Supreme Court held that the comprehensive civil remedies in § 502(a) of
        ERISA, 29 U.S.C. § 1132(a), completely preempt state law remedies. On the same
24      day, the Court applied this ruling to a challenged removal, concluding that "causes of
        action within the scope of the civil enforcement provisions of § 502(a) [are]
25      removable to federal court." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66,
        107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In other words, "[c]auses of action within the
26      scope of, or that relate to, the civil enforcement provisions of 502(a) are removable to
        federal court despite the fact the claims are couched in terms of state law." *Hull v.*
27      *Fallon,* 188 F.3d 939, 942 (8th Cir.1999).

28

*Lyons v. Philip Morris Inc.,* 225 F.3d 909, 912 (8th Cir. 2000). Thus, this Court has federal question jurisdiction over this matter, and removal was proper. Accordingly, Plaintiff's Motion to Remand is hereby DENIED.

Dated: March 11, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE